IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| WILLIAM PATRICK RANDALL, | Case No. 3:12-cv-02277-HU |
| Plaintiff, | ORDER |
| v. | |
| CHRISTOPHER DiGIULIO, RICK ANELOZZI, CAPTAIN MANU, MICHAEL F. GOWER, R. QUAID, D. FUZI, | |
| Defendants. | |

HUBEL, Judge

On December 17, 2012, plaintiff William Patrick Randall, an inmate in the custody of the Oregon Department of Corrections (ODOC) and proceeding *pro se*, filed a civil rights complaint alleging that Defendants, Oregon Department of Corrections officers and medical personnel, wrongfully took his walking cane without consultation or examination, violating the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. On September 13, 2013, Defendants filed an unenumerated Rule 12(b) Motion to Dismiss (#35) on the basis that plaintiff has failed to exhaust his administrative remedies. Defendants' motion to dismiss prompted

1 - ORDER

the Court to issue plaintiff a Rule 12 notice as required by <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). Plaintiff has not filed a response or submitted any additional evidence. For the reasons that follow, Defendants' motion is granted.

## LEGAL STANDARD

Under the Prison Litigation Reform Act ("PLRA"), incarcerated plaintiffs are required to exhaust all administrative remedies available to them within the institutions in which they are housed before bringing any federal action in connection with prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). For purposes of the PLRA, actions brought with respect to "prison conditions" include all actions brought to challenge isolated episodes of unconstitutional or otherwise unlawful misconduct of any kind as well as prisoner petitions challenging conditions of confinement. See <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). Under the PLRA, the courts lack discretion to consider claims challenging prison conditions, including claims for money damages, except where such claims are filed following complete exhaustion of available administrative remedies. <u>Id.</u> at 524 (citing <u>Booth v. Churner</u>, 532 U.S. 731, 739, 740 n. 5, 741 (2001)).

2 - ORDER

Exhaustion under the PLRA is an affirmative defense that is the burden of the defendant in a prison-conditions lawsuit to raise and prove. Jones v. Bock, 549 U.S. 199, 216 (2007). The Ninth Circuit treats the failure to exhaust administrative remedies "as a matter in abatement, ... subject to an unenumerated Rule 12(b) motion" to dismiss. Wyatt, 315 F.3d at 1119. In deciding an unenumerated Federal Civil Procedure Rule 12(b) motion to dismiss on this ground, "the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1120. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." Id.

The PLRA exhaustion requirement is applicable to all persons who are incarcerated at the time they file their civil actions. Talamantes v. Leyva, 575 F.3d 1021, 1023-1024 (9th Cir. 2009).

## FACTUAL BACKGROUND

Plaintiff entered ODOC custody on March 2, 2010, and has been housed at Deer Ridge Correctional Institution (DRCI) since September 8, 2011. Plaintiff alleges that on October 12, 2012, Defendant Christopher DiGiulio, a DRCI health services provider, ordered a nurse to remove his walking cane. Plaintiff alleges that the cane has been ordered by his neuro-surgeon and occupational therapist, and that he has been using the cane for 11 years. Plaintiff alleges that defendants have acted with deliberate

3 - ORDER

indifference, prejudice, retaliation, and discrimination when they removed his cane and that his attempts to have his cane returned have been unsuccessful.

Defendants contend that while at DRCI, plaintiff had available to him a three-level grievance procedure to address his complaint. Oregon Administrative Rules (OAR) 291-109-0100 through 291-109-0194 describe the three-level internal grievance and appeal procedure for inmates confined in Oregon Department of Corrections facilities. Inmates may file grievances concerning several types of issues and actions, including "any oversight or error affecting an inmate." OAR 291-109-0140(2)(a)-(g). Inmates are informed of the grievance process during admission and orientation, and the procedures are also explained in the inmate handbook given to each inmate. Inmates are encouraged to first attempt to resolve disputes with staff through face-to-face verbal communication and then a written inmate communication form. OAR 291-109-0100(3). If face-to-face or written communication does not resolve the dispute, inmates may file a written grievance. OAR 291-109-0140(1)(a). "An inmate grievance may request review of just one matter, action, or incident per inmate grievance form." OAR-291-109-0140(1)(d). Inmates are not permitted to grieve the actions of more than one ODOC employee through a single grievance form, but rather must file one grievance form per ODOC employee whose actions are the subject of the inmate's challenge. See OAR-291-109-0140(3)(e). Inmates

4 - ORDER

are not permitted to grieve any claim or issue "that the inmate is pursuing in pending litigation in state or federal courts." OAR-291-109-0140(3)(f).

"If at any time the grievance coordinator determines the inmate has pursued his/her grievance through state or federal courts, the grievance process will cease and the grievance will be returned to the inmate." OAR-291-109-0160(4). "A grievance that has been returned to [an] inmate by the grievance coordinator for procedural reasons cannot be appealed." OAR-291-109-0160(5). The inmate may elect to resubmit the grievance to the grievance coordinator after correcting the procedural errors. OAR 291-109-0160(5).

If the inmate is not satisfied with the response he receives, he may appeal by filing a grievance appeal form. OAR 291-109-0170(1)(a). The appeal is then forwarded to the functional unit manager for review and response. OAR 291-109-0170(1)(c). The inmate may appeal the functional unit manager's response by filing a grievance appeal form with the assistant director. OAR 291-109-0170(2)(a). The assistant director's decision is final and is not subject to further review. OAR 291-109-0170(2)(d).

The evidence before me shows that on October 18, 2012, plaintiff submitted a grievance stating that he had used a walking cane for 11 years, and that it had been removed by a nurse on the SRCI's health provider's orders on October 13, 2012. The grievance

5 - ORDER

was accepted on October 22, 2012, assigned Grievance No. DRCM-2012-10-017, and forwarded to the Health Services Manager, Danielle Fuzi for a response by November 5, 2012. Declaration of M. Geils (#37), p. 3. On November 1, 2012, Defendant Fuzi received a request from DAS Risk Management with a tort claim filed by plaintiff and dated October 25, 2012, attached to it. On November 5, 2012, plaintiff's grievance was returned as denied, with a memo stating that under OAR 291-109-0140(3)(h), if the inmate has filed a tort claim, the inmate cannot further grieve the claims or issues and the grievance process ceases. OAR 291-109-0160(4). Id. at 4.

On November 5, 2012, plaintiff filed another grievance dated October 25, 2012, and was assigned Grievance No. DRCM-2012-11-031. This grievance also was denied and returned to plaintiff due to the pending tort claim. On January 30, 2013, plaintiff filed a third grievance dated January 28, 2013, and assigned Grievance No. DRCM-2013-01-019. The third grievance also related to the health provider refusing to return plaintiff's cane. The grievance was denied on January 30, 2013 and returned to plaintiff because it related to same subject matter as his first grievance, and because plaintiff had filed the current action in federal court on December 17, 2012. Id.

## DISCUSSION

The PLRA requires a prisoner to exhaust available administrative remedies prior to brining a federal action

6 - ORDER

concerning prison conditions. Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). The PLRA requires prisoners bringing ADA claims to exhaust their administrative remedies before filing claims in federal court. O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1062 (9th Cir. 2007). Prisoners must "'complete the administrative review process in accordance with the applicable procedural rule, including deadlines, as a precondition to bringing suit in federal court.'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009)(quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)). Exhaustion requires appealing the grievance decision to the highest level within the grievance system. Wyatt, 315 F.3d at 1120; McKinney v. Carey, 311 F.3d 1198, 199 (9th Cir. 2002).

The evidence before me demonstrates that defendants have met their burden to establish that plaintiff had administrative remedies available to address the claims raised in this proceeding and that plaintiff has failed to exhaust them. It is uncontradicted that plaintiff began the grievance process on October 22, 2012, and that the grievance procedure was suspended when plaintiff filed a tort notice just three days later. OAR 291-109-0140(3)(h). While plaintiff was unable to appeal his grievances because they were returned because he filed a tort claim, this does not excuse his failure to exhaust administrative remedies. Woodford, 548 U.S. at 90-91. To be sure, plaintiff makes no showing that he even attempted to take advantage of

7 - ORDER

available administrative appeals prior to filing this action. Moreover, plaintiff has not demonstrated that he has exhausted grievances against Defendants Rick Angelozzi, Danielle Fuzi, Michael Gower, Tagaloa Manu, or Jim Quaid. Accordingly, because plaintiff has not exhausted his administrative remedies through all available appeal levels before filing this action, the court must dismiss plaintiff's complaint. <u>Wyatt</u>, 315 F.3d at 1120.

## CONCLUSION

For the reasons set forth above, defendants' unenumerated Rule 12(b) Motion to Dismiss for Failure to Exhaust Administrative Remedies (#35) is GRANTED, and plaintiff's complaint is dismissed without prejudice.

IT IS SO ORDERED.

DATED this ___ day of DECEMBER, 2013.

_____
Dennis J. Hubel
United States Magistrate Judge

8 - ORDER